The order below is hereby signed.

Signed: June 21 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
TRACEY D TURNER,               )   Case No. 19-00206
                               )   (Chapter 13)
              Debtor.          )
```

ORDER RE CHRISTIAN DORMAN'S MOTION FOR RELIEF FROM STAY

A creditor, Christian Dorman, has filed a motion (Dkt. No. 33) seeking to have the automatic stay lifted to allow proceedings pending in the Superior Court of the District of Columbia to continue. The motion suffers from several deficiencies. First, Dorman has failed to include a notice of the opportunity to oppose, as required by LBRs 4001-1 and 9013-1. He has also failed to include a proposed Order, as required by LBR 9072-1. Moreover, Dorman has failed to include a certificate of service as required by LBR 5005-3, affirming that service was made on the debtor and the debtor's attorney, as required under LBR 9013-1(c). In addition to these procedural defects, Dorman has also failed to pay the fee for filing the motion as a motion

for relief from the automatic stay.[1]

The court further notes that Dorman filed this motion on June 10, 2019, which was the deadline to file a complaint seeking a determination of dischargeability under 11 U.S.C. § 523(a)(2). Dorman's motion alleges that the debt is nondischargeable as being a debt for property obtained by fraud and lays the basis for a claim of nondischargeability. Nevertheless, the motion does not explicitly state that the creditor seeks a determination of the dischargeability of the debt. If Dorman believed that the motion was one requesting a determination of the nondischargeability of the debt, he should have filed a complaint commencing an adversary proceeding to determine that the debt is nondischargeable, together with the filing fee for filing such a complaint, as required by Fed. R. Bankr. P. 7001. Without

---

[1] The court notes that Dorman contends that it is necessary for the stay to be lifted so the court may determine whether the debtor should have been permitted to file under chapter 13 of the Bankruptcy Code, implying that a judgment in the Superior Court will show that the debtor's unsecured debt is too high under 11 U.S.C. § 109(e). Under § 109(e), a debtor may not file under chapter 13 if the debtor "owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debt" that exceeds $394,725. The statute clearly states that the amount of the debt is determined as of **'the date of the filing of the petition,'"** not some future date after a final judgment is entered. *Slack v. Wilshire Insurance Co. (In re Slack)*, 187 F.3d 1070, 1073 (9th Cir. 1999). The issue is whether the debt was noncontingent and liquidated as of the petition date, and Dorman has not alleged that as of the petition date, the debt was noncontingent and unliquidated. Permitting the Superior Court proceeding to continue to conclusion will not affect the debtor's status as a chapter 13 debtor under § 109(e).

deciding the issue of timeliness at this juncture (i.e., whether a complaint would relate back to June 10, 2019, when Dorman's motion regarding nondischargeability was filed), the court notes that some courts have treated a creditor's motion to declare a debt nondischargeable as if it were a complaint and have provided the creditor with the opportunity to cure its procedural shortcomings. *In re Dominguez*, 51 F.3d 1502, 1509 (9th Cir. 1995); *In re Sherf*, 135 B.R. 810, 814 (Bankr. S.D. Tex. 1991).

It is thus

ORDERED that Christian Dorman is granted 14 days from the entry of this order to cure the defects of his motion (Dkt. No. 33) as a motion for relief from the automatic stay, including paying the fee for filing the motion as a motion for relief from the automatic stay.  It is further

ORDERED that Christian Dorman is granted 14 days from the entry of this order to file a complaint commencing an adversary proceeding to determine the dischargeability of a debt, together with the filing fee for filing such a complaint, without the court determining whether the motion filed on June 10, 2019, provides a basis for treating any such complaint as timely.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders;

Christian Dorman
220 3rd Street, NE
Washington, D.C. 20002