UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN Re:                              :
                                    :
TRACEY D. TURNER                    :  Case No. 19-00206-SMT
                                    :  Chapter 13
                                    :
       Debtor                       :

### CREDITOR'S MOTION FOR LEAVE TO BE ADDED AS A CREDITOR TO DEBTOR'S LIST OF CREDITORS AND TO FILE PROOF OF CLAIM

Comes Now Bruce Hargrave, a previously unlisted Creditor, by and through the undersigned counsel, and respectfully moves this honorable court to enlarge the time in which he is properly listed as an appropriate creditor in the above captioned Tracey Turner Bankruptcy Estate and to correspondingly file a Proof of Claim in the amount of $67,000.00. Exhibit 1. Following below is a succinct argument in support of the immediate motion. Counsel for the Debtor was contacted via his office phone number and the issue of notice of filings to Creditor Hargrave was discussed, which precipitated a subsequent notice.

### ARGUMENT

In the first instance, the Creditor's relationship is based on loan documentation and a Settlement Agreement entered into with the Debtor in a still pending matter in the District of Columbia Superior Court, *Hargrave v. Turner*. Based thereupon, the Creditor believes that the Debtor intentionally omitted Mr. Hargrave from his initial notice to his debtors of his bankruptcy filing. The Debtor is obviously well aware of the two (2) respective loan agreements and corresponding settlement agreement that he entered into with Mr. Hargrave, which were, until this bankruptcy, the subject of civil litigation in the DC Superior Court. The parties settled the matter on February 8, 2018 and the Debtor, having we think fraudulently induced Mr. Hargrace to eneter

the settlement failed to honor its terms and conditions for more than one year. A hearing regarding the enforcement of the settlement agreement was subsequently scheduled on or around April 2, 2019 in the DC Superior Court, but cancelled due to Debtor's Suggestion of Bankruptcy.

Secondly, notwithstanding the Debtor's representations and filings to this court, Mr. Hargrave received his very first notice of the immediate bankruptcy on June 17, 2019, well after the March 2019 Bankruptcy Plan was submitted, the May 13, 2019 first Creditor's Meeting, and the apparent June 10, 2019 Proof of Claims filing. The Debtor's willful absence of notice to Mr. Hargrave clearly and substantially prejudiced this Creditor's rights. Upon information and belief, subject to the addition of Mr. Hargrave's debt to the Creditor's Bankruptcy Plan, his Plan will likely require revision and further consideration.

## CONCLUSION

WHEREFORE, having demonstrated a sound record and good cause, Bruce Hargrave, a Creditor well known to Debtor, having not received any notice from the Debtor until on or about June 17, 2019, hereby urges this court to grant this him appropriate relief including, but not limited leave to add his name as a creditor and also to file a corresponding proof of claim regarding Tracey Turner's bankruptcy estate and debt obligation to Mr. Hargrave.

**DATED:** July 12, 2019

Respectfully submitted,

*Donald M. Temple*
Donald M. Temple #408749
1310 L Street, NW, Suite #750
Washington, D.C. 20005
Tel: (202) 628-1101
dtemplelaw@gmail.com
*Attorney for Creditor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

IN Re:                              :
                                    :
TRACEY D. TURNER                    :   Case No. 19-00206-SMT
                                    :   Chapter 13
                                    :
        Debtor                      :

## PROPOSED ORDER

UPON CONSIDERATION of Creditor, Bruce Hargrave's motion for leave to be added as a creditor to Debtor's Creditor List and Memorandum of Points and Authorities in support thereof, and the record herein, it is this ___ day of _____, 2019 hereby ORDERED, that the Motion is granted.

_____
Judge

Copies to:
All Counsel

**Fill in this information to identify the case:**

Debtor 1: Tracey D. Turner

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: District of Columbia

Case number: 19-00206-SMT

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Bruce M. Hargrave
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Temple Law Office
Name

1310 L ST NW, STE 750
Number    Street

Washington    DC    20005
City    State    ZIP Code

Contact phone  (202) 628-1101

Contact email  dtemplelaw@gmail.com

Where should payments to the creditor be sent? (if different)

Name _____

Number    Street _____

City    State    ZIP Code _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____
                                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                    Proof of Claim                                    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?

   ☒ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim?    $ _____67,000.00_____ . Does this amount include interest or other charges?

   ☒ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Money Loaned

9. Is all or part of the claim secured?

   ☒ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**    $ _____
   **Amount of the claim that is secured:**    $ _____

   **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**    $ _____

   **Annual Interest Rate** (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?

    ☒ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

11. Is this claim subject to a right of setoff?

    ☒ No
    ☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/12/2019
                  MM / DD / YYYY

_/s/ Donald M. Temple_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Donald | Melvin | Temple |
| | First name | Middle name | Last name |
| Title | Attorney at Law | | |
| Company | Temple Law Office | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1310 L ST NW, STE 750 | | |
| | Number  Street | | |
| | Washington | DC | 20005 |
| | City | State | ZIP Code |
| Contact phone | (202) 628-1101 | Email | dtemplelaw@gmail.com |

Official Form 410       Proof of Claim       page 3

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| BRUCE M. HARGRAVE  Plaintiff,  v.  TRACEY D. TURNER  Defendant. | )  )  )  )  ) Case No: 2017 CA 001690 B  ) Judge John M. Campbell  )  )  )  )  ) |

# SETTLEMENT AGREEMENT[1]

The parties hereby agree to resolve the immediate case as follows: Defendant will pay by Cashier/Bank Check $55,000.00 by April 16, 2018 and $17,000.00 by July 2, 2018 for a total of $72,000.00 to Plaintiff.

Pre-trial will be scheduled after April 6, 2018 – but will be stricken subject to Defendant's April 18, 2018 payment – and postponed until after July 2, 2018. If payment is not made as agreed on July 2, 2018, the pre-trial will be held on the scheduled date – and payment by Defendant will be otherwise offset.

If payment is made as agreed, the matter shall be deemed settled and resolved, and the parties will dismiss this case by stipulation, with prejudice.

/s/_____  02/8/2018           /s/_____  02/8/2018
Donald M. Temple, Esq.        Date                Ronald C. Jessamy, Esq.     2 Date
Attorney for Plaintiff                            Attorney for Defendant

---

[1] See attached copy original Agreement.